In re **BABYLON COVE MARINE, INC.,** Debtor.

**BABYLON COVE MARINE, INC.,** Plaintiff,

v.

Gilbert C. **HANSE,** John **Rinklin,** Donald **Conroy,** John F. **Vidovich,** Gayle **Labenow,** individually, and as the Mayor and Board of Trustees of the Village of Babylon and the Incorporated Village of Babylon, and Pilot House Construction Corp., Defendants.

Bankruptcy No. 883–30468–20.
Adv. No. 885–0201–20.

United States Bankruptcy Court, E.D. New York.

Sept. 11, 1986.

Steven G. Pinks, Pinks, Brooks, Stern & Arbeit, Hauppauge, N.Y., for debtor.

David S. Rubin, Hauppauge, N.Y., for Babylon Cove Marine, Inc.

Jules V. Speciner, Great Neck, N.Y., for defendants other than Pilot House.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

This matter came to be heard on the motion of the defendants in this adversary proceeding to disqualify the debtor's attorneys: Mr. Rubin as general counsel, and Mr. Pinks as bankruptcy counsel. The defendants argue that the debtor's counsel have forbidden propriety interests in the subject matter of the litigation, and forbidden business relations with their client. The defendants' motion is hereby granted.

## FACTS

1. On March 10, 1983 the debtor filed a petition for bankruptcy. The debtor is a marina and its principal asset is real property on Fire Island Avenue in Babylon, New York. The debtor's principal, Jacob Feynman, stated on the petition that:

> Petitioner desires to continue in possession of its property and in the operation of its business. . . . It is anticipated that the continued operation of the business because of the foregoing will result in a generation of funds with which a plan will be funded.[1]

2. Also on March 10, 1983, the debtor sought and received court approval to retain Steven Pinks as counsel.

3. On April 29, 1985, the debtor entered into a contract with Pilot House to purchase the debtor's real property.

4. Apparently, Pilot House intended to purchase the property so that it could build condominiums on it, because on May 17, 1985 and June 27, 1985, the debtor sought a zoning variance from the Village of Babylon.

5. On November 21, 1985, the debtor filed an adversary proceeding in Bankruptcy Court to compel the Village of Babylon to reverse or reconsider its denial of a variance.

6. At the hearing of this motion to disqualify, the court discovered for the first time that debtor's attorneys are major shareholders of Pilot House, which is a corporation established to purchase the debtor's property. Mr. Pinks explained that he and Mr. Rubin were required to purchase their interests in Pilot House as a condition of the sale of the debtor's property:

> After several meetings, Mr. Levine agreed to purchase the debtor's property upon the condition that your deponent, [Mr. Pinks], and Mr. Rubin participate in the purchase and development of the property.

---

1. In contradiction, Mr. Pinks stated under oath in his Reply to this motion to disqualify:

    At the very inception of the case, your deponent, [Mr. Pinks], as well as the principals of the debtor, Jacob Feynman and James Feyn- man, (his son), came to the conclusion that the only way to confirm a Plan of Arrangement would be through the sale of the debtor's real property located on Fire Island Avenue in Babylon, New York.

## DISCUSSION

Generally, a lawyer must not enter into a business transaction with his client if his interests may be adverse to those of his client, and the client expects the lawyer to provide impartial advice. A lawyer may enter into this kind of business arrangement only if the client is fully aware of the lawyer's interest. Disciplinary Rule 5-104(A). Mr. Pinks's client in this case is not the debtor per se; rather, it is the debtor as "debtor in possession". As attorney for the debtor in possession, counsel has the same rights, powers and duties as an attorney for a trustee. 11 U.S.C. §§ 1106-1107. Thus, counsel for the debtor in possession is answerable both to the debtor and creditors. In this case, Mr. Pinks has failed to tell the creditors of the debtor that he is one of the prospective buyers of the debtor's property.

The defendants, who are creditors in this case, fear that counsel's contract to purchase the debtor's property is unfair to unsecured creditors. Whether or not the subject contract is fair or unfair is immaterial at this stage. Mr. Pinks's interest is adverse to the creditors because the better the terms he can get when he buys the property, the less money goes to the creditors. Since counsel has neither disclosed the way things are to the creditors, nor obtained the creditors' consent, he has violated both the Disciplinary Rules and the spirit, if not the letter, of Bankruptcy Law.

Accordingly, Mr. Pinks's Order of Retention is hereby vacated, and the debtor is ordered to obtain new counsel within ten days.

In his capacity as General Counsel, Mr. Rubin has no prima facie conflict of interest because the debtor consented to his participation in the subject purchase. Nonetheless, the court finds in this case that Mr. Rubin must be disqualified because he has participated as co-counsel to Mr. Pinks in every phase of this bankruptcy. In effect, he too has acted as counsel to the debtor in possession and must therefore be disqualified from participation in this bankruptcy, at least to avoid the appearance of impropriety.

SO ORDERED.